# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD DAVID JONES, JR., | 1:16-cv-00469-DAD-BAM |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| SCHWARZENEGGER, et al., | |
| Defendants. | |

Plaintiff Edward David Jones, Jr. ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, initiated this civil action on April 4, 2016. Plaintiff's complaint is currently before the Court for screening. Doc. 1.

**Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

While persons proceeding pro se actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**Summary of Plaintiff's Allegations**

Plaintiff brings this suit on behalf of his deceased mother. Plaintiff alleges that defendants, including the California Department of Corrections and Rehabilitation and certain of its employees, are responsible for his mother's death following her exposure to coccidioidomycosis (Valley Fever) spores while visiting Plaintiff in prison. Specifically, Plaintiff alleges that on or about November 28, 2010, his mother, Geneva Jones, visited him at Corcoran State Prison, which reportedly is located in an area where Valley Fever is endemic. Within 96 hours of her visit, Ms. Jones died. Plaintiff attributes her death to alleged exposure to Valley Fever at the prison.

///

///

**Discussion**

**A. Representative Suit**

As a general matter, Plaintiff may not prosecute an action on behalf of his deceased mother. Generally, *pro se* plaintiffs are prohibited from pursuing claims on behalf of others in a representative capacity. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008); *Roll v. California Dep't of Corr. and Rehab.*, No. 1:08cv1716 LJO DLB, 2008 WL 5385968, *3 (E.D. Cal. Dec. 24, 2008) (prisoner could not represent decedent's estate in pro se). Rather, "in an action brought by a *pro se* litigant, the real party in interest must be the person who 'by substantive law has the right to be enforced.'" *Id.* (quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). Here, it is clear that Plaintiff is not the real party in interest as he is attempting to bring claims on behalf of his mother, the decedent.

**B. Claim Preclusion**

Although not entirely clear, it appears that Plaintiff may have pursued claims regarding his mother's death in state court. Doc. 1 at 5, 23-24. If so, the instant action may be barred by California's res judicata, or claim preclusion, doctrine. Claim preclusion in California applies if (1) the second lawsuit involves the same "cause of action" as the first, (2) the first lawsuit resulted in a final judgment on the merits, and (3) the party claim preclusion is being asserted against was a party, or in privity with a party, to the first lawsuit. *Bernhard v. Bank of Am. Nat. Trust & Sav. Ass'n*, 19 Cal.2d 807, 812 (1942); *Planning & Conservation League v. Castaic Lake Water Agency*, 180 Cal.App.4th 210, 226 (2009).

California courts employ the primary rights theory to determine what constitutes the same cause of action for claim preclusion purposes, and under this theory, a cause of action is (1) a primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant which consists in a breach of such primary right and duty. *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009) (citing *City of Martinez v. Texaco Trading & Transp., Inc.*, 353 F.3d 758, 762 (9th Cir. 2003)). If two actions involve the same injury to the plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks

different forms of relief and/or adds new facts supporting recovery. *Id.* (citing *Eichman v. Fotomat Corp.*, 147 Cal.App.3d 1170, 1174, 197 Cal.Rptr. 612 (1983)). If Plaintiff pursued claims against defendants in state court concerning his mother's death after alleged exposure to Valley Fever at Corcoran State Prison, then he may not pursue those claims in the instant action. Any amended complaint should clarify whether or not Plaintiff has pursued similar claims in state court.

### C. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557; *Moss*, 572 F.3d at 969.

In this instance, Plaintiff's complaint is not short or plain. He fails to clearly delineate the claims he is pursuing and he fails to identify which, if any, claims are brought on his own behalf. Indeed, Plaintiff's complaint exceeds 170 pages, parts of which are difficult to read or understand. If Plaintiff amends his complaint, any such amended complaint should state the facts briefly and succinctly and identify the claims he is attempting to bring in this action.

### D. Eighth Amendment

To the extent Plaintiff is attempting to bring suit alleging a violation of his Eighth Amendment rights due to his placement at prison in an area where Valley Fever is endemic, he has fails to state a cognizable federal claim. To constitute cruel and unusual punishment in violation of the Eight Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official

'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir.2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards and excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Until recently, courts in this district have found that mere confinement in a location where Valley Fever is prevalent fails to pose an excessive risk of harm. *Jones v. Hartley*, No. 1:13-cv-01590-AWI-GSA-PC, 2015 WL 1276708, *4 (E.D. Cal. Mar. 19, 2015) ("no courts have found that exposure to valley fever spores at the level experienced by the community at large presents an 'excessive risk' to inmate health"); *Williams v. CDCR*, No. 1:14-cv-01912-JLT (PC), 2015 WL 6669816, at *3 (E.D. Cal. Oct. 29, 2015) ("Unless there is something about a prisoner's conditions of confinement that raise the risk of exposure substantially above the risk experienced by the surrounding community, it cannot be said that the prisoner is forcibly and knowingly exposed to a risk the society would not tolerate to meet the objective component of a claim under the Eighth Amendment."); *Montano v. Adams*, No. 1:15-cv-0452 DLB PC, 2016 WL 310175, at *3 (E.D. Cal. Jan. 26, 2016) (inmate cannot state a claim under the Eighth Amendment based solely on the exposure to and contraction of Valley Fever); *Hines v. Youssef*, No. 1:13–cv–00357–AWI–JLT, 2015 WL 164215, *5 (E.D. Cal. Jan.13, 2015) ("Unless there is something about a prisoner's conditions of confinement that raises the risk of exposure substantially above the risk experienced by the surrounding communities, it cannot be reasoned that the prisoner is involuntarily exposed to a risk that society would not tolerate."); *but c.f. Beagle v. Schwarzeneger,* 107 F.Supp.3d 1056, 1067 (E.D. Cal. 2014) (finding that mere exposure to valley fever is sufficient to state a claim); *Jackson v. Davey*, No. 1:14-cv-1311-LJO-MJS (PC), 2015 WL 3402992, at *5 (E.D. Cal. 2015) ("Plaintiff no longer needs to allege particularly susceptibility to valley fever; mere exposure is sufficient to state a claim.").

Here, Plaintiff fails to allege facts to indicate that the risk of exposure to Valley Fever at Corcoran State Prison is any higher than the surrounding community. "An individual who lives out of custody . . . anywhere in the Southern San Joaquin Valley is at relatively high risk for

5

exposure to Coccidioides immitis spores. Unless there is something about a prisoner's conditions of confinement that raises the risk of exposure substantially above the risk experienced by the surrounding communities, it cannot be reasoned that the prisoner is involuntarily exposed to a risk the society would not tolerate." *Hines*, 2015 WL 164215, at *4.  Therefore, merely being confined in an area in which Valley Fever spores are present does not state a claim under the Eighth Amendment.

### E. State Law Claims

Although not entirely clear, Plaintiff appears to assert state law claims.  However, Plaintiff has not pled a cognizable federal claim.  Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c).  The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

Here, Plaintiff fails to state a claim for relief on his claim of an Eighth Amendment violation. Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. *See* 28 U.S.C. § 1367. The Court will not address Plaintiff's state law claims unless and until he states a cognizable claim for relief under federal law.

### CONCLUSION AND RECOMMENDATION

Plaintiff's complaint fails to state a cognizable federal claim.  However, as Plaintiff is proceeding pro se, the Court will provide him with the opportunity to file a first amended complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in her amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named defendant did that led to the deprivation of Plaintiff's rights, *Iqbal*, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Therefore, Plaintiff's first amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a cognizable claim;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint; and
3. If Plaintiff fails to file a first amended complaint in compliance with this order, the Court will recommend that this action be dismissed with prejudice for failure to state a claim and for failure to obey a court order.

IT IS SO ORDERED.

Dated: **June 14, 2016**       /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE