UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD DAVID JONES, JR., | Case No.: 1:16-cv-00469-DAD-BAM PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO DECLINE CONSENT TO MAGISTRATE JUDGE JURISDICTION |
| v. | (ECF No. 19) |
| SCHWARZENEGGER, et al., | |
| Defendants. | |

Plaintiff Edward David Jones, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On June 15, 2016, the Court dismissed Plaintiff's complaint with leave to amend. Plaintiff filed a first amended complaint on July 13, 2016.

On August 24, 2016, Plaintiff filed his consent to the jurisdiction of a United States Magistrate Judge. (ECF No. 17).

On October 11, 2016, Plaintiff filed the instant motion seeking to withdraw his consent to Magistrate Judge jurisdiction. Although not entirely clear, it appears that Plaintiff is attempting to withdraw his consent due to his disagreement with the Magistrate Judge's orders, including the screening order dismissing his complaint with leave to amend. Plaintiff now requests that this action be assigned to a district judge. (ECF No. 19). For the reasons that follow, Plaintiff's motion to withdraw his consent shall be denied.

1    First, it is important to note that the instant case is currently assigned to District Judge Dale A. Drozd, and has not been assigned to a United States Magistrate Judge for all purposes within the meaning of 28 U.S.C. § 636(c).  Therefore, any attempt by Plaintiff to withdraw his consent at this stage of the proceedings is unnecessary.

Second, even if the matter had been referred to a Magistrate Judge for all purposes, Plaintiff would not be able to demonstrate extraordinary circumstances meriting withdrawal of his consent. Once a civil case is referred to a Magistrate Judge under 28 U.S.C. § 636(c), "[t]he court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference . . . ." 28 U.S.C. § 636(c)(4); <u>Dixon v. Ylst</u>, 990 F.2d 478, 480 (9th Cir. 1993) (no absolute right in civil case to withdraw consent to magistrate judge).  Following written consent, the reference to a Magistrate Judge will not be vacated where the party fails to demonstrate extraordinary circumstances and the court does not sua sponte find good cause for withdrawal of consent. <u>Id.</u>

Plaintiff's disagreement with the Court's orders would provide no basis for the withdrawal of his earlier consent.  Such a disagreement does not equate with extraordinary circumstances and the Court finds no good cause for withdrawal of consent. <u>Dixon</u>, 990 F.2d at 480.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion to withdraw his consent to the Magistrate Judge is DENIED.

IT IS SO ORDERED.

Dated:    **October 17, 2016**                    /s/ *Barbara A. McAuliffe*            
                                                                    UNITED STATES MAGISTRATE JUDGE