UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD DAVID JONES, JR., ) | Case No.: 1:16-cv-00469-DAD-BAM PC |
| Plaintiff, ) | ORDER DENYING PLAINTIFF'S MOTION REGARDING ANTICIPATION OF DISCOVERY |
| v. ) | (ECF No. 20) |
| SCHWARZENEGGER, et al., ) | |
| Defendants. ) | |

Plaintiff Edward David Jones, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On June 15, 2016, the Court dismissed Plaintiff's complaint with leave to amend.  Plaintiff filed a first amended complaint on July 13, 2016.  Plaintiff's amended complaint will be screened in due course.

On October 5, 2016, Plaintiff filed a document entitled "Re:  Filings Anticipations The Filing Of Motions Discovery Until There Is A Proceedings In Which The Interrogatories Responses of Proofs Of Services Are At Issues."  (ECF No. 20).  Plaintiff indicates that he received a document from the Clerk of the Court and he "Apologizes His Anticipation The Motion Discovery Filed In Which Interrogatorys [sic] Were Admits Regards To Pendency Plaintiff Filings . . .Complaint Inmates Are Family Member Exposement [sic] Toxins."  (*Id.* at p. 1).

Based on documents attached to the motion, it appears that the Clerk of the Court received pleadings or correspondence from Plaintiff on September 14, 2016.  The Clerk of the Court returned

these documents to the Plaintiff on September 19, 2016, with a cover sheet stating, in relevant part, as follows:

> **DISCOVERY DOCUMENTS:**   Pursuant to Local Rule 250.2 (c), Interrogatories, Responses and Proofs of Service shall not be filed with the Clerk of Court until there is a proceeding in which the Interrogatories, Responses or Proofs of Service are AT ISSUE.

(ECF No. 20 at pp. 5).

Due to the disjointed nature of Plaintiff's filing, it is unclear whether he intends to file discovery-related documents or evidence in support of his claims.  To the extent Plaintiff intends to file interrogatories, discovery responses or proofs of service, such documents should not be filed at this time.  This matter is still in the screening stage and therefore no discovery-related documents are at issue.  Plaintiff is advised that discovery documents inappropriately submitted to the Court may be stricken from the record.

Insofar as Plaintiff intends to file evidence in support of his claims, he may not do so.  As Plaintiff was previously advised, a party "may not file evidence (prison, disciplinary or medical records, witness affidavits, etc.) with the Court until it becomes necessary to do so in connection with a motion for summary judgment, trial or the Court requests otherwise."  (Doc. 15 at p. 3.)  Evidence improperly submitted to the Court may be stricken from the record or returned.  Similarly, if Plaintiff intends to submit exhibits in support of his amended complaint, he need not do so.  As previously indicated by the Court, "a pro se plaintiff need not attach exhibits to his complaint to prove the truth of what is said in the complaint. For Court screening purposes, facts stated in complaints are accepted as true."  (Doc. 15 at p. 3).

For the reasons stated, Plaintiff's motion regarding the anticipation of discovery is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **October 17, 2016**          /s/ *Barbara A. McAuliffe*       
                                       UNITED STATES MAGISTRATE JUDGE