# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD DAVID JONES, JR., <br><br> Plaintiff, <br><br> v. <br><br> SCHWARZENEGGER, et al., <br><br> Defendants. | 1:16-cv-00469-DAD-BAM <br><br> ORDER REGARDING MOTION FOR LEAVE TO AMEND <br> (Doc. 13) <br><br> SCREENING ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND <br><br> THIRTY-DAY DEADLINE |

Plaintiff Edward David Jones, Jr. ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, initiated this civil action on April 4, 2016. On June 15, 2016, the Court dismissed Plaintiff's complaint with leave to amend. Doc. 5. Plaintiff's first amended complaint is currently before the Court for screening.[1] Docs. 12, 13.

**Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. §

---

[1] On July 14, 2016, Plaintiff filed a supplement to his first amended complaint, which is comprised primarily of exhibits. Doc. 13. To the extent the supplement is a motion to amend his complaint, such motion is DENIED as moot. The Court previously granted Plaintiff leave to amend on June 15, 2016, and Plaintiff filed a first amended complaint on July 13, 2016.
  Insofar as Plaintiff merely intends to supplement the first amended complaint, Plaintiff is reminded that a complaint must be "complete in itself." Local Rule 220. Nonetheless, as Plaintiff is proceeding pro se, the Court will consider both Document 12 and Document 13 as comprising Plaintiff's first amended complaint for purposes of screening.

1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**Summary of Plaintiff's Allegations**

Plaintiff is currently housed at California State Prison, Solano. The events in the complaint are alleged to have occurred primarily while Plaintiff was housed at California State Prison, Corcoran ("Corcoran"). Plaintiff names the following defendants: Eric Arnold, Warden at California State Prison, Solano; Arnold Schwarzenegger, Former Governor of the State of California; Susan Hubbard, Warden at Corcoran; and James A. Yates, Former Warden at Pleasant Valley; Paul D. Brazelton, Current Warden at Pleasant Valley; Matthew Cate, Former Secretary of the State of California; Edmund G. Brown, Governor of the State of California; Chirs Meyer, Senior Chief Facilities Planning, Construction and Management; Dr. Felix

Igbinosa; Tanya Rothchild, Former Chief of Classification; and Dr. Dwight Winslow, Former Medical Director.

Plaintiff's amended complaint and supplement comprise more than 200 hundred pages. As best as can be determined from the disjointed nature of his allegations, Plaintiff appears to allege that while housed within high risk areas, including Corcoran and Pleasant Valley, he was exposed to Valley Fever. Plaintiff alleges that Defendants had presumptive or actual knowledge of the health and environmental safety hazard of Valley Fever in zone areas of Corcoran and Pleasant Valley. Upon Plaintiff's arrival within these areas, there were no notices or warnings that these areas may be harmful. Plaintiff also alleges that this information was essentially undisclosed to inmates and family.

According to exhibits attached to the amended complaint, Plaintiff filed a grievance alleging that he is African American, a group that contracts Valley Fever at a high incidence rate. Plaintiff asserted that CDCR knew that he was especially susceptible to contracting Valley Fever, but took no steps to exclude him from transfer to Corcoran in 2010. After his transfer, he was formally diagnosed with Valley Fever. Plaintiff believed that he contracted the disease from breathing in dust and dirt that was elevated into the air by the wind while outside in the yard. Plaintiff asserted that he will have the disease long term. (ECF No. 12 at p. 81).

In his amended complaint, Plaintiff further alleges that on November 28, 2010, his mother, Geneva Jones, was granted visitation with him at Corcoran. Twenty-four (24) hours after the visit, Ms. Jones required emergency medical treatment. Ninety-six (96) hours later, she died. Plaintiff alleges that the toxins were slowly poisoning Ms. Jones during her visit, and her records were positive for the cocci virus and related symptoms.

**Discussion**

Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8 and 10 and fails to state a cognizable claim for relief. As Plaintiff is proceeding pro se, he will be given a final opportunity to amend his complaint to the extent he can do so in good faith. To assist Plaintiff, the Court provides the following pleading and legal standards applicable to his claims.

///

### 1. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557; *Moss*, 572 F.3d at 969.

As with his original complaint, Plaintiff's first amended complaint is neither short nor plain. Despite being provided with the relevant pleading standard, Plaintiff's amended complaint exceeds 150 pages, and includes an 80-plus page supplement, both of which are difficult to read and understand. Plaintiff's amended complaint fails to state the facts briefly and succinctly in this action. Any amended complaint should be short and plain setting forth sufficient factual matter to state a claim. Given the limited nature of Plaintiff's allegations, any amended complaint should not exceed twenty (25) pages, exclusive of exhibits.

### 2. Federal Rule of Civil Procedure 10

Pursuant to Federal Rule of Civil Procedure 10, a party "must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Additionally, to promote clarity, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . ." *Id.*

Here, Plaintiff's amended complaint does not contain numbered paragraphs limited to a single set of circumstances. If Plaintiff elects to amend his complaint, his complaint should contain numbered paragraphs limited to a single set of circumstances. Further, each claim arising from a separate event should be stated in a separate count.

///

///

///

### 3. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]...subjects, or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges, or immunities secured by the Constitution...shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed. 2d 611 (1978); *Rizzo v. Goode*, 423 U.S. 362, 96 S. Ct. 598, 46 L.Ed. 2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff has failed to link any of the named defendants to a constitutional violation. Moreover, Plaintiff does not identify any individual in the allegations of his complaint and does not attribute any specific conduct to the named defendants. If Plaintiff elects to amend his complaint, then he must state what each person did or did not do that caused the alleged violation(s) of his constitutional rights.

### 4. Supervisory Liability

To the extent Plaintiff seeks to hold certain defendants liable based solely upon their supervisory roles, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal,* 556 U.S. at 676–77; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d

1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009).

### 5. Representative Suit

Insofar as Plaintiff is attempting to prosecute an action on behalf of his deceased mother, he may not do so. Generally, *pro se* plaintiffs are prohibited from pursuing claims on behalf of others in a representative capacity. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008); *Roll v. California Dep't of Corr. and Rehab.*, No. 1:08cv1716 LJO DLB, 2008 WL 5385968, *3 (E.D. Cal. Dec. 24, 2008) (prisoner could not represent decedent's estate in pro se). Rather, "in an action brought by a *pro se* litigant, the real party in interest must be the person who 'by substantive law has the right to be enforced.'" *Id.* (quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987).

### 6. Claim Preclusion

According to exhibits attached to the complaint, on May 30, 2015, Plaintiff filed a petition for writ of habeas corpus in the Kings County Superior Court, Case No. 15W-0073A. In that action, Plaintiff alleged that "he contracted Valley Fever at Corcoran State Prison and suffers from the severe physical effects of the same." Doc. 12 at p. 142. Plaintiff also alleged that CDCR failed to provide him and other Black inmates with a safe living environment thereby subjecting them to cruel and unusual punishment. *Id.* On July 1, 2015, the Kings County Superior Court denied Plaintiff's petition, reasoning that Plaintiff could not state an Eighth Amendment claim and there was no support for his argument that "exposure to Valley Fever spores presents an excessive risk to the health of African-American inmates." *Id.* at 143. Following the Kings County Superior Court's denial of his petition, Plaintiff filed writ petitions in the state appellate court and California Supreme Court. Plaintiff's petitions were denied. *Id.* at pp. 145-156.

As Plaintiff previously pursued his claims regarding contraction of Valley Fever in state court, his current claims appear to be barred by the doctrine of claim preclusion.[2] Federal courts

---

[2] Plaintiff also pursued his wrongful death claims in a state habeas action. On December 26, 2014, Plaintiff filed a petition for writ of habeas corpus in the Kings County Superior Court, Case No. 14W-0202A. In that action,

are required to give state court judgments the preclusive effects they would be given by another court of that state. *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009). A state habeas judgment may have preclusive effect on a later federal § 1983 action. *Gonzales v. Cal. Dep't of Corr.*, 739 F.3d 1226, 1230–31 (9th Cir. 2014) (reasoned denials of California habeas petitions have claim-preclusive effect). Claim preclusion in California applies if (1) the second lawsuit involves the same "cause of action" as the first, (2) the first lawsuit resulted in a final judgment on the merits, and (3) the party claim preclusion is being asserted against was a party, or in privity with a party, to the first lawsuit. *Bernhard v. Bank of Am. Nat. Trust & Sav. Ass'n*, 19 Cal.2d 807, 812 (1942); *Planning & Conservation League v. Castaic Lake Water Agency*, 180 Cal.App.4th 210, 226 (2009).

California courts employ the primary rights theory to determine what constitutes the same cause of action for claim preclusion purposes, and under this theory, a cause of action is (1) a primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant which consists in a breach of such primary right and duty. *Brodheim*, 584 F.3d at 1268 (citing *City of Martinez v. Texaco Trading & Transp., Inc.*, 353 F.3d 758, 762 (9th Cir. 2003)). "If two actions involve the same injury to the plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." *Id.* (quoting *Eichman v. Fotomat Corp.*, 147 Cal.App.3d 1170, 1174, 197 Cal.Rptr. 612 (1983)).

<u>Final Judgment on the Merits</u>

"A judgment is on the merits for purposes of res judicata if the substance of the claim is tried and determined." *Johnson v. City of Loma Linda*, 24 Cal.4th 61, 77 (2000) (citation and internal quotation marks omitted). In denying his habeas petition, the Kings County Superior

---

Plaintiff complained about certain hazardous conditions existing at three different prisons. Plaintiff claimed that such conditions may have led to the illness and/or death of one of his visitors. On March 11, 2015, the Kings County Superior Court denied Plaintiff's petition, reasoning, in part, that a habeas corpus petition was not the appropriate means to obtain relief for any unsafe prison condition impacting a third party. Doc. 13 at pp. 60-61. Plaintiff's subsequent appeals were denied. Id. at 63-65, 68-80. It does not appear that the state court addressed the merits of Plaintiff's claims at any level.

Court determined that no violation of the Eighth Amendment occurred in connection with Plaintiff's contraction of Valley Fever. Plaintiff's subsequent appeals also were denied. Thus, a final judgment was reached on the merits of Plaintiff's Valley Fever claims.

<u>Identity or Privity</u>

Plaintiff brought suit against CDCR officials in the state habeas action. As in that suit, Plaintiff also brings suit against CDCR officials involved in his placement and retention at Corcoran State Prison.

<u>Same Cause of Action or Primary Right</u>

This action and Plaintiff's state habeas action both arose out of Plaintiff's placement at Corcoran State Prison, his contraction of Valley Fever, and the failure of CDCR to provide Plaintiff and other prisoners with a safe living environment. It is apparent that the two actions involve the same injury to the Plaintiff and the same wrong. Therefore, Plaintiff's claims in this action involving the same primary right appear to be barred by the doctrine of claim preclusion. Plaintiff has not included any allegations suggesting that such claims are not barred. If Plaintiff elects to amend his complaint, then he must demonstrate that his claims in this action are not barred by the doctrine of claim preclusion.

## CONCLUSION AND RECOMMENDATION

Plaintiff's first amended complaint fails to comply with Federal Rules of Civil Procedure 8 and 10 and fails to state a cognizable claim for relief. As Plaintiff is proceeding pro se, he will be given a **final opportunity** to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed with leave to amend for failure to comply with Federal Rules of Civil Procedure 8 and 10 and failure to state a claim upon which relief can be granted;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a second amended complaint.  Plaintiff's second amended complaint may not exceed twenty-five (25) pages, exclusive of exhibits; and

3. **If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated:   **October 27, 2016**              /s/ Barbara A. McAuliffe            _
                                            UNITED STATES MAGISTRATE JUDGE