# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD DAVID JONES, JR., <br><br> Plaintiff, <br><br> v. <br><br> SCHWARZENEGGER, et al., <br><br> Defendants. | 1:16-cv-00469-DAD-BAM (PC) <br><br> FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION <br> (ECF Nos. 28, 29, 31) <br><br> FOURTEEN-DAY DEADLINE |

**Findings and Recommendations**

Plaintiff Edward David Jones, Jr. ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, initiated this civil action on April 4, 2016. On October 28, 2016, the Court dismissed Plaintiff's first amended complaint with leave to amend. (ECF No. 23.) Following an extension of time, Plaintiff filed a second amended complaint on December 9, 2016, along with a supplement to his amended complaint. (ECF Nos. 29, 31.) On December 15, 2016, Plaintiff filed an additional supplement to his second amended complaint. (ECF No. 28.) Plaintiff's second amended complaint is currently before the Court for screening.[1]

///

---

[1] Plaintiff has filed multiple supplements to his second amended complaint. Plaintiff is again reminded that a complaint must be "complete in itself." Local Rule 220. Nonetheless, as Plaintiff is proceeding pro se, the Court will consider his amended complaint and supplements (ECF Nos. 28, 29, and 31) as comprising Plaintiff's second amended complaint for purposes of screening.

1

**Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**Summary of Plaintiff's Allegations**

Plaintiff is currently housed at California State Prison, Solano. The events in the complaint are alleged to have occurred primarily while Plaintiff was housed at California State Prison, Corcoran ("Corcoran"). Plaintiff names the following defendants: Arnold Schwarzenegger, Former Governor of the State of California; Susan Hubbard, Warden at Corcoran; Correctional Counselor King, Chief Medical Doctor Dwight Winslow, Does 1 through

20, Chief Medical Officer Jeffery Wang, Dr. Agnes Wu, Dr. Huu Nguyen, Dr. Julian Kim, and RN Does.

Plaintiff's second amended complaint (including his supplemental complaint) totals more than 180 pages. As best as can be determined from the disjointed nature of his allegations, Plaintiff appears to allege that while housed within high risk areas in Kings County, including Corcoran, he was exposed to Valley Fever. However, he was not informed of potential dangers, health risks and likelihood of contracting the disease. Plaintiff contends that between January 2008 and December 2010, he contracted Valley Fever while at Corcoran.[2] Plaintiff alleges that various defendants denied him fair and adequate treatment for his condition.

In his supplemental second amended complaint, Plaintiff further alleges that on November 28, 2010, his mother, Geneva Jones, visited Plaintiff at Corcoran and entered areas classified as high risk. Plaintiff contends that CDCR failed to post medical advertisements warning of the high risk areas. Twenty-four (24) hours after the visit, Ms. Jones required emergency medical treatment. Plaintiff alleges that Ms. Jones unknowingly contracted Valley Fever. On December 3, 2010, Plaintiff contends that Ms. Jones died of injuries consistent with Valley Fever.

**Discussion**

**A. Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting

---

[2] According to exhibits attached to his complaint, Plaintiff contends that CDCR knew that he, as an African American, was especially susceptible to contracting Valley Fever and yet took no steps to exclude him from transfer to Corcoran in 2010 and minimize the risk of exposing him to dangerous cocci spores. In 2010, he was formally diagnosed with Valley Fever, and has been told that he will have the disease long term. (ECF No. 29 at p. 50.)

*Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557; *Moss*, 572 F.3d at 969.

As with his previous complaints, Plaintiff's second amended complaint is neither short nor plain. Despite being provided with the relevant pleading standard, Plaintiff's second amended complaint, including the supplement, is difficult to read and understand. Plaintiff's second amended complaint also fails to state the facts briefly and succinctly in this action. Despite multiple opportunities, Plaintiff has been unable to cure this deficiency.

### B. Official Capacity

To the extent Plaintiff seeks to bring claims for damages against defendants in their official capacities, he may not do so.

The Eleventh Amendment prohibits suits for monetary damages against a State, its agencies, and state officials acting in their official capacities. *Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). As such, the Eleventh Amendment bars any claim for monetary damages against defendants acting in their official capacities.

### C. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]...subjects, or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges, or immunities secured by the Constitution...shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed. 2d 611 (1978); *Rizzo v. Goode*, 423 U.S. 362, 96 S. Ct. 598, 46 L.Ed. 2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff has failed to link many of the named defendants to a constitutional violation. Plaintiff does not identify any individual in the allegations of his complaint regarding the death of his mother and does not attribute any specific conduct regarding his placement at Corcoran to the named defendants. Plaintiff has been unable to cure this deficiency.

### D. Supervisory Liability

To the extent Plaintiff seeks to hold numerous defendants liable based solely upon their supervisory roles, such as the former Governor, the Warden and the Chief Medical Officer, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal,* 556 U.S. at 676–77; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009).

### E. Representative Suit

Insofar as Plaintiff is attempting to prosecute an action on behalf of his deceased mother (or on behalf of her immediate family), he may not do so. Generally, *pro se* plaintiffs are prohibited from pursuing claims on behalf of others in a representative capacity. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008); *Roll v. California Dep't of Corr. and Rehab.*, No. 1:08cv1716 LJO DLB, 2008 WL 5385968, *3 (E.D. Cal. Dec. 24, 2008) (prisoner could not represent decedent's estate in pro se). Rather, "in an action brought by a *pro se* litigant, the real party in interest must be the person who 'by substantive law has the right to be enforced.'" *Id.* (quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987).

### F. Claim Preclusion

According to exhibits attached to the second amended complaint, on May 30, 2015, Plaintiff filed a petition for writ of habeas corpus in the Kings County Superior Court, Case No.

15W-0073A. In that action, Plaintiff alleged that "he contracted Valley Fever at Corcoran State Prison and suffers from the severe physical effects of the same." (ECF No. 29 at p. 85.) Plaintiff also alleged that CDCR failed to provide him and other Black inmates with a safe living environment thereby subjecting them to cruel and unusual punishment. *Id.* On July 1, 2015, the Kings County Superior Court denied Plaintiff's petition, reasoning that Plaintiff could not state an Eighth Amendment claim and there was no support for his argument that "exposure to Valley Fever spores presents an excessive risk to the health of African-American inmates." (*Id.* at p. 86.) Following the Kings County Superior Court's denial of his petition, Plaintiff filed writ petitions in the state appellate court and California Supreme Court. Plaintiff's petitions were denied. (*Id.* at pp. 87-89.)

As Plaintiff previously pursued his claims regarding contraction of Valley Fever in state court, his current claims appear to be barred by the doctrine of claim preclusion.[3] Federal courts are required to give state court judgments the preclusive effects they would be given by another court of that state. *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009). A state habeas judgment may have preclusive effect on a later federal § 1983 action. *Gonzales v. Cal. Dep't of Corr.*, 739 F.3d 1226, 1230–31 (9th Cir. 2014) (reasoned denials of California habeas petitions have claim-preclusive effect). Claim preclusion in California applies if (1) the second lawsuit involves the same "cause of action" as the first, (2) the first lawsuit resulted in a final judgment on the merits, and (3) the party claim preclusion is being asserted against was a party, or in privity with a party, to the first lawsuit. *Bernhard v. Bank of Am. Nat. Trust & Sav. Ass'n*, 19 Cal.2d 807, 812 (1942); *Planning & Conservation League v. Castaic Lake Water Agency*, 180 Cal.App.4th 210, 226 (2009).

///

---

[3] Plaintiff also pursued his wrongful death claims in a state habeas action. On December 26, 2014, Plaintiff filed a petition for writ of habeas corpus in the Kings County Superior Court, Case No. 14W-0202A. In that action, Plaintiff complained about certain hazardous conditions existing at three different prisons. Plaintiff claimed that such conditions may have led to the illness and/or death of one of his visitors. On March 11, 2015, the Kings County Superior Court denied Plaintiff's petition, reasoning, in part, that a habeas corpus petition was not the appropriate means to obtain relief for any unsafe prison condition impacting a third party. (ECF No. 31 at pp. 91-92.) Plaintiff's subsequent appeals were denied. (*Id.* at pp. 94-96.) It does not appear that the state court addressed the merits of Plaintiff's claims at any level.

Same Cause of Action or Primary Right

California courts employ the primary rights theory to determine what constitutes the same cause of action for claim preclusion purposes, and under this theory, a cause of action is (1) a primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant which consists in a breach of such primary right and duty. *Brodheim*, 584 F.3d at 1268 (citing *City of Martinez v. Texaco Trading & Transp., Inc.*, 353 F.3d 758, 762 (9th Cir. 2003)). "If two actions involve the same injury to the plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." *Id.* (quoting *Eichman v. Fotomat Corp.*, 147 Cal.App.3d 1170, 1174, 197 Cal.Rptr. 612 (1983)).

This action and Plaintiff's state habeas action both arose out of Plaintiff's placement at Corcoran State Prison, his contraction of Valley Fever, and the failure of CDCR to provide Plaintiff and other prisoners with a safe living environment. It is apparent that the two actions involve the same injury to the Plaintiff and the same wrong. Therefore, Plaintiff's claims in this action involving the same primary right appear to be barred by the doctrine of claim preclusion. Despite being provided with the relevant legal standards, Plaintiff has not included any allegations suggesting that such claims are not barred.

Final Judgment on the Merits

"A judgment is on the merits for purposes of res judicata if the substance of the claim is tried and determined." *Johnson v. City of Loma Linda*, 24 Cal.4th 61, 77 (2000) (citation and internal quotation marks omitted). In denying his habeas petition, the Kings County Superior Court determined that no violation of the Eighth Amendment occurred in connection with Plaintiff's contraction of Valley Fever. Plaintiff's subsequent appeals also were denied. Thus, a final judgment was reached on the merits of Plaintiff's Valley Fever claims.

Identity or Privity

Under California law, the only identity of parties required is the identity of the party against whom preclusion is sought – here Plaintiff. *See San Diego Police Officers' Ass'n*, 568

F.3d 725, 734 (9th Cir. 2009) ("the party to be precluded must itself have been a party, or in privity with a party, to that first lawsuit"); *Furnace v. Junious*, No. 1:14-cv-01671-LJO-MJS (PC), 2015 WL 2095301, at *4 (E.D. Cal. May 5, 2015) (finding that the fact that some or all of the defendants are different irrelevant under California claim preclusion law); *Furnace v. Giurbino*, No. C 12-0873 LHK (PR), 2013 WL 6157954, at *4 (N.D. Cal. Nov. 22, 2013) ("under California claim preclusion rules, the only identity of parties required is the identity of the party against whom preclusion is sought"). Here, Plaintiff was a party in both actions.

### **Conclusion and Recommendation**

Plaintiff's second amended complaint fails to comply with Rule 8 and fails to state a cognizable claim for relief. Plaintiff's claims regarding Valley Fever are barred by the doctrine of claim preclusion and Plaintiff may not maintain a representative suit in pro se on his claims involving the death of his mother. Despite being provided with the relevant pleading and legal standards applicable to his claims, Plaintiff has been unable to cure the identified deficiencies and further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Accordingly, for the reasons stated, it is HEREBY RECOMMENDED that Plaintiff's second amended complaint be dismissed.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 21, 2017**          /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE